# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BRUCE COMMITTE**, | Case No. 3:20-cv-1455-JR |
| Plaintiff, | **ORDER** |
| v. | |
| **LIANI J. REEVES**, *et al.*, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Jolie A. Russo issued Findings and Recommendation in this case on August 28, 2020. ECF 4. Judge Russo recommended that Plaintiff's application for leave to proceed *in forma pauperis* be granted, and that Plaintiff's Complaint be dismissed *sua sponte*, with prejudice. No party has filed objections.

Under the Federal Magistrates Act ("Act"), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

If no party objects, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act],

intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise").

Although review is not required in the absence of objections, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the court review the magistrate judge's findings and recommendations for "clear error on the face of the record." No party having made objections, this Court follows the recommendation of the Advisory Committee and reviews Judge Russo's Findings and Recommendation for clear error on the face of the record.

The Findings and Recommendation found that the claim in this case is premised on the "identical nucleus of facts underlying" the claims in Plaintiff's other pending case, Case No. 3:20-cv-372-JR. The Findings and Recommendation thus concluded that Plaintiff's claim must be brought in his other case. The Findings and Recommendation also concluded that Plaintiff must move to amend his Complaint in his other case to add his retaliation claim. The Findings and Recommendation, therefore, recommended that Plaintiff's application to proceed *in forma pauperis* be granted but that Plaintiff's Complaint be dismissed *sua sponte*, with prejudice.[1]

---

[1] As discussed below, the Court declines to adopt the recommendation that Plaintiff's retaliation claim must be dismissed because it must be brought in Plaintiff's original lawsuit. Even if the Court were to agree that Plaintiff's claim must be dismissed, however, it would have been dismissed without prejudice (but without leave to amend), so that Plaintiff could bring the claim in a supplemental complaint in Plaintiff's original action.

Plaintiff's original lawsuit, still pending before Judge Russo, alleges that Plaintiff applied for a job as an accountant at Oregon State University but was not hired because of his age and in retaliation for his previous age discrimination complaints against Oregon State University. In that lawsuit, Plaintiff alleges claims for age discrimination and retaliation under the Age Discrimination in Employment Act ("ADEA"), and claims under 42 U.S.C. § 1983 that his rights to Equal Protection and Academic Freedom were violated.

In this case, Plaintiff alleges ADEA and First Amendment retaliation,[2] asserting that he has been retaliated against for filing the first lawsuit against Oregon State University and the other defendants. He alleges that Defendants, the defendants in the first lawsuit and their counsel, filed a motion in that lawsuit to limit Plaintiff from filing future lawsuits, thereby chilling his First Amendment rights and ability to exercise his rights under the ADEA.

Plaintiff's original case and this case involve related, although not identical, facts. Thus, Plaintiff's retaliation claim likely may be brought in a supplemental complaint in his first lawsuit, under Rule 15(d) of the Federal Rules of Civil Procedure,[3] assuming it would survive the other factors of review.[4] *See, e.g.*, *Caruso v. Solorio*, 2019 WL 6009465, at *3 (E.D. Cal.

---

[2] Although Plaintiff appears to refer to his claim as an ADEA retaliation claim, the Court liberally construes *pro se* filings. Plaintiff's claim that he has been retaliated against for filing his first lawsuit also purports to allege a First Amendment retaliation claim.

[3] Rule 15(d) provides: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time."

[4] In considering a motion to supplement a complaint, courts generally consider undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, and whether the supplement would be futile. *See Cruz v. Munoz*, 2019 WL 448262, at *2 (E.D. Cal. Feb. 5, 2019).

PAGE 3 – ORDER

Nov. 14, 2019) ("Certainly, a supplemental complaint alleging retaliation for prosecuting a case is sufficiently related to the initial claim to fall under Rule 15(d)."); *Ledford v. Idaho Dep't of Juvenile Corr.*, 2019 WL 137571, at *1 (D. Idaho Jan. 8, 2019) (allowing under Rule 15(d) the filing of a supplemental complaint alleging retaliation for the filing of the underlying lawsuit).

   Plaintiff's retaliation claim is not, however, *required* to be brought in Plaintiff's original lawsuit and may be brought in a separate action. *See, e.g.*, *Murphy v. Rodriguez*, 2020 WL 4001143, at *1 (E.D. Cal. July 15, 2020) ("If Plaintiff wants to seek damages and/or injunctive relief based on his allegations of retaliation, Plaintiff should file a separate lawsuit regarding those allegations or amend or supplement his pleading in this action to add retaliation claims."); *Arizmendi v. Seman*, 2015 WL 4572430, at *3 n.11 (N.D. Cal. July 29, 2015) ("To the extent that Plaintiff wishes to pursue a claim of retaliation for filing the instant section 1983 action, he must allege such a claim in a separate action."). The Court, therefore, declines to adopt the portion of the Findings and Recommendation relating to the *sua sponte* dismissal of Plaintiff's Complaint. It may be efficient, however, to have Plaintiff's two cases consolidated under Rule 42 of the Federal Rules of Civil Procedure, at least for some portion of the litigation. The Court leaves this issue in the first instance to the discretion of Judge Russo.

   The Findings and Recommendation (ECF 4) is ADOPTED IN PART. Plaintiff's application to proceed *in forma pauperis* (ECF 1) is GRANTED. The Court declines to adopt the remainder of the Findings and Recommendation.

   **IT IS SO ORDERED.**

   DATED this 21st day of September, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge
